Hodge *v.* State.

4458                           204 S. W. 2d 375

Opinion delivered September 22, 1947.

*Claude F. Cooper,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

SMITH, J.   By this appeal appellant seeks a reversal of a judgment sentencing him to the penitentiary for an assault with intent to rob D. L. Matthews.   He alleges three errors for the reversal of the judgment: (a) That he was convicted upon the uncorroborated testimony of Eugene Belcher, an admitted accomplice; (b) that a requested instruction was erroneously refused; and (c) that certain incompetent testimony was admitted over his objection.

Belcher testified that he was a boarder in appellant's home, and that both had been employed for a week picking cotton for Matthews, and that appellant suggested that they make some easy money by robbing Matthews. The first plan was to entice Matthews to a tourist camp and rob him there, but that plan miscarried.

A second plan eventuated in the attempt to rob for which appellant was convicted.   The details as testified to by Belcher were as follows:   The assault was committed December 7, 1946, and appellant and Matthews spent much of that day together, and they drank both whiskey and beer, and Matthews admitted that he was considerably under the influence of this liquor, but denied being drunk.   The plan was that appellant would drive Matthews' car home and that on the way he would stop the car at an appointed place where Belcher would be hidden in a ditch, and that when he and Matthews got out of the car, Belcher would appear armed with a pistol, and disguised with a mask, and would "stick up" both appellant and Matthews and rob them.

Belcher testified that he hid himself in the ditch as agreed, and that in about twenty minutes Matthews' car, driven by appellant, appeared and stopped at a place about fifteen feet from Belcher's place of concealment. There was a small mudhole in the road, and instead of driving around it as other cars had done, appellant stopped

his car in the mudhole and stated that he had to attend a call of nature, and both he and Matthews got out of the car, one on the right side, the other on the left. But appellant, who was driving, got out on the left-hand side and walked around the car and stood by the side of Matthews and was standing there when Belcher arose from the ditch and advanced, pistol in hand, demanding that appellant and Matthews hold up their hands. The command to "stick 'em up" was repeated, Matthews recognized Belcher's voice and when Belcher began feeling for Matthews' pockets the latter grabbed the pistol and a struggle ensued, and Matthews either tripped and fell or was knocked down to the ground with Belcher on top of him. Belcher testified that he saw appellant raise his hand and that he thought appellant struck Matthews, but he later testified that he had no recollection of having been struck.

While Matthews was on the ground he called on appellant for help, which was not given. Appellant may not have been as drunk as Matthews, or may have had less courage, but he gave Matthews no assistance. The lights on Matthews' car had been turned off, but before the robbery was completed a car drove by and Belcher desisted in his attempt to rob. He removed his mask and told Matthews that he was sorry for what he had done. Matthews responded, "Just forget about it and I will say nothing about it and you do the same," and appellant said, "That is the thing to do before it gets into court." Appellant cursed Belcher and said he wanted nothing more to do with him. The testimony is undisputed, however, that Belcher spent that night at appellant's home.

The pistol which Belcher had when the assault was made was produced at the trial, and there was testimony that on the afternoon of that day appellant exhibited a pistol in the place of business of one Flanagan who testified that the pistol which he there saw resembled the pistol which Belcher used in the assault, but Flanagan could not say that it was the same pistol.

Matthews testified that he did not remember that anyone had struck him, but that when he reached home he found a wound on his head and blood on his hat and in his hair. The admission of this testimony is one of the errors assigned, the ground therefor being that the hat produced at the trial on which there were blood stains, had not been properly identified, but Matthews did testify that the hat in question was the one which he was wearing when he was assaulted.

Appellant requested that the court instruct the jury: "That under the law the defendant is presumed to be innocent, and that that presumption attends him throughout the trial and is strong enough within itself to acquit the defendant, until and unless the State proves him guilty beyond a reasonable doubt." The refusal to give this instruction is assigned as error.

But the court had charged the jury fully and correctly as to the law in regard to a reasonable doubt, and had instructed the jury that "The defendant is presumed to be innocent until proven guilty and if upon the whole case there is a reasonable doubt of his guilt, then it will be your duty to acquit him."

The instructions had all been given before appellant requested the instruction set out above, and the court evidently thought that the subject had been sufficiently and correctly covered and that it was not necessary to multiply instructions. The instruction might well have been given, but we think it was substantially covered by those which were given, and that it was not error to refuse to repeat what had already been said.

The chief insistence for the reversal of the judgment is that the testimony of Belcher was without substantial corroboration. Upon this issue the court correctly charged the jury as to the necessity for, and the character and sufficiency of the corroboration of the testimony of an accomplice, which the law requires. It is urged that the only corroboration of Belcher's testimony connecting appellant with the commission of the crime is the fact

that appellant was present and refused, when requested, to render assistance to Matthews in his struggle with Belcher.

It may be conceded that such testimony alone would not suffice to corroborate appellant an accomplice, but the case does not rest upon that fact alone. Matthews testified that appellant in driving the car to his home, did not travel the route he usually employed, but that this fact did not arouse his suspicion as the route taken led to his home, but there is a significant circumstance which the jury may have found was not a mere coincidence, and that is that appellant did in fact stop the car at the place where Belcher testified that it was agreed the car would stop, this being the place where Belcher was in hiding in a ditch. It is true that after the assault appellant cursed Belcher and stated that he wanted nothing more to do with him, but it is also true that he joined in a suggestion that the matter be dropped before it got into court, and more significant is the undisputed testimony that after being ''held up'' by Belcher he permitted Belcher to spend the remainder of the night in his home. This testimony is corroborative of that of Belcher that the ''hold-up'' was a scheme whereby it would appear to Matthews that both he and appellant were being ''held up,'' and that by calmly submitting to being ''held up,'' Matthews would offer no resistance. This inference is, we think, reasonably deducible from the testimony in its entirety and furnishes the corroboration of Belcher's testimony which the law requires.

The judgment must therefore be affirmed and it is so ordered.